# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

RAYMOND A. CLARK,                  ◊
                                   ◊
    Plaintiff,               ◊
                                   ◊
VS.                                ◊         No. 04-1174-T/An
                                   ◊
CHARLES TRAUGHBER, ET AL.,         ◊
                                   ◊
    Defendants.              ◊

---

### ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
### AND
### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

---

Plaintiff Raymond A. Clark, Tennessee Department of Correction prisoner number 292729, who is currently an inmate at the West Tennessee State Penitentiary in Henning, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on August 2, 2004, in connection with a denial of parole that occurred when he was incarcerated at the Northwest Correctional Complex in Tiptonville, Tennessee.  Plaintiff filed an amendment to his complaint as of right on August 16, 2004.  The Court issued an order on December 6, 2004 that, *inter alia*, granted leave to file a second amended complaint and a supplemental complaint, directed the Clerk to issue process and forward it to the plaintiff, directed the plaintiff to serve the defendants, and stayed the defendants' obligation to answer the complaint in light of the pending appeal in Dotson v. Wilkinson, 329 F.3d 463 (6th Cir. 2003) (en banc), *cert. granted*, 541 U.S. 935 (2004).

The Supreme Court issued its opinion in Wilkinson v. Dotson, 125 S. Ct. 1242 (2005), on March 7, 2005 and, on March 24, 2005, the Court issued an order lifting the stay and directing the

defendants to respond to the complaint within twenty days.  As the defendants had not yet appeared in this action, the clerk did not send them a copy of the March 24, 2005 order, and the Court inadvertently neglected to order the plaintiff to serve a copy on the defendants.

On April 26, 2005, the plaintiff filed a motion for summary judgment on the basis of the defendants' failure to respond to the complaint and on the merits.  Counsel for defendants filed a response on May 11, 2005 advising the Court that he had not received a copy of the order lifting the stay and seeking an extension of time to respond to the motion.  The Court issued an order granting defendant's motion for an extension of time on May 13, 2005.  Although that order did not expressly so rule, that portion of plaintiff's April 26, 2005 motion that rests on the defendants' failure timely to respond to the complaint is DENIED because good cause has been shown for their delay.

On May 18, 2005, plaintiff filed a supplemental memorandum in further support of his summary judgment motion.  On May 26, 2005, plaintiff filed a document entitled "Motion to Include Exhibits."  The Court issued an order on June 9, 2005 granting that motion to the extent it is construed as a motion to supplement his motion for summary judgment.

On June 6, 2005, defendants filed a supplemental response to plaintiff's motion for summary judgment that included a cross-motion to dismiss.  The plaintiff did not file a response to the defendants' motion, perhaps because he believed a response was unnecessary as his own summary judgment motion addressed the same matters.  He did, however, submit additional documents in support of his motion on July 29, 2005; August 25, 2005; and October 26, 2005.[1]  On December 2, 2005, plaintiff filed a third affidavit in support of his summary judgment motion.  On December 19,

---

[1]  The Court issued an order on October 27, 2005 granting plaintiff's motion to include these documents as part of the record.

2005, plaintiff filed a motion seeking leave to include additional documents and letters as part of the record in support of his summary judgment motion.[2]  On March 2, 2006, plaintiff submitted a sixth affidavit in support of his summary judgment motion, concerning his rehabilitative efforts.[3]

According to the complaint and its various amendments and supplements, the plaintiff is currently serving a twenty-year sentence for attempted first-degree murder.[4]  The complaint alleges that the plaintiff had no prior criminal record and no prison disciplinary infractions.  Plaintiff had his second parole hearing on May 7, 2004.  One board member informed plaintiff that they had received two protest letters, but he was not allowed to review them.  The defendants denied plaintiff's application for parole on May 12, 2004 without explaining what specific facts they were using to justify their decision.  The form provided to the plaintiff contains a checkmark in the box labeled "The release from custody at this time would depreciate the seriousness of the crime of which the offender stands convicted or promote disrespect of the law."  The form indicated that plaintiff's next parole hearing would be scheduled for May, 2007.  Plaintiff appealed the parole decision, pursuant to Tenn. Code Ann. § 40-28-105, and, in a letter dated June 30, 2004, Parole Administrator Jack Elder advised the plaintiff that his appeal was denied.  The substantive explanation for that denial consisted of the following sentence:

---

[2]  The Court issued an order on December 21, 2005 granting that motion.

[3]  In a separate order, the Court has denied plaintiff leave to file additional documents and affidavits concerning his application for clemency and alleged racial discrimination in the clemency process.

The Clerk has also filed letters from the plaintiff on February 9, 2006; March 2, 2006; and March 15, 2006. As nothing on the face of those documents indicates that copies were served on defense counsel, the Court will not consider the substance of those letters.

[4]  According to the Tennessee Court of Criminal Appeals, "[o]n June 30, 1998, Petitioner, Raymond A. Clark, entered a plea of guilty to one count of attempt to commit first degree murder, one count of attempt to commit second degree murder, one count of aggravated burglary and one count of aggravated assault.  For these offenses, the Petitioner received an effective sentence of twenty years confinement in the Department of Correction."  Clark v. Parker, No. W2004-02488-CCA-R3-HC, 2005 WL 578822 (Tenn. Crim. App. Mar. 11, 2005).

> Upon reviewing the board file and tape recording of the hearing, your allegations of misconduct and significant procedural error(s) by the Hearings Official were not substantiated.

According to the plaintiff, the identical language is used in letters sent to numerous other prisoners who are appealing parole decisions. Plaintiff asserts that Elder denied his appeal without listening to the recording of his parole hearing.

In his original summary judgment motion, which was filed on April 26, 2005, and in his May 18, 2005 supplement, the plaintiff argues that (i) Tennessee law creates a liberty interest in release on parole; (ii) the "seriousness of the offense" language used to justify the denial of plaintiff's parole application is "mere boilerplate" and an inadequate explanation of the decision by the defendants; and (iii) the defendants violated their parole guidelines in denying the plaintiff's application. The defendants' motion to dismiss asserts that the plaintiff has no protected liberty interest in parole and, therefore, has no right to due process in his parole hearing.

Prisoners have no constitutional right to be released on parole before the expiration of their sentences. Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979); Inmates of Orient Correctional Inst. v. Ohio State Adult Parole Auth., 929 F.2d 233, 235 (6th Cir. 1991). Although the plaintiff asserts that Tennessee law creates a liberty interest in parole, that position is not supported by the statutes on which he relies. To the contrary, Tenn. Code Ann. § 40-35-503(b), which the plaintiff cites, provides as follows:

> Release on parole is a privilege and not a right, and no inmate convicted shall be granted parole if the board finds that:
>
> > (1)      There is a substantial risk that the defendant will not conform to the conditions of the release program;
> >
> > (2)      The release from custody at the time would depreciate the seriousness of the crime of which the defendant stands convicted or promote

4

disrespect for the law;

> (3)     The release from custody at the time would have a substantially adverse effect on institutional discipline; or

> (4)     The defendant's continued correctional treatment, medical care or vocational or other training in the institution will substantially enhance the defendant's capacity to lead a law-abiding life when given release status at a later time. (Emphasis added.)[5]

Because Tennessee's statutory scheme places the decision to grant parole within the complete discretion of the parole board, inmates have no state-created liberty interest in parole. See Seagroves v. Tennessee Bd. of Probation & Parole, 86 Fed. Appx. 45 (6th Cir. Dec. 8, 2003); Rowan v. Traughber, 48 Fed. Appx. 489, 490-91 (6th Cir. Sept. 17, 2002); Berry v. Traughber, 48 Fed. Appx. 483, 484 (6th Cir. Aug. 14, 2002) ("Berry has neither an inherent constitutional right to parole nor a protected liberty interest created by mandatory state parole laws."; Wright v. Trammell, 810 F.2d 589 (6th Cir. 1987) (per curiam) (Tennessee law creates no liberty interest in parole); State v. Sutton, 166 S.W.3d 686, 691 (Tenn. 2005); Grimes v. State, No. W2004-02897-CCA-R3-PC, 2005 WL 1249060, at *2 (Tenn. Crim. App. May 25, 2005); Davis v. Maples, No. M2002-02564-COA-R3-CV, 2003 WL 22002660, at *4 (Tenn. Ct. App. Aug. 25, 2003); Pipher v. Tennessee Bd. of Parole, No. M2000-01509-COA-R3-CV, 2002 WL 31443204, at *3 (Tenn. Ct. App. Nov. 1, 2002); Kaylor v. Bradley, 912 S.W.2d 728, 733 (Tenn. Ct. App. 1995); Wells v. Tennessee Bd. of Paroles, 909 S.W.2d 826, 828 (Tenn. Ct. App. 1995); see also Sweeton v. Brown, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc) ("After Olim and Inmates, it became clear that procedural statutes and

---

[5]     See also Tenn. Code Ann. § 40-28-117(a) ("Parole being a privilege and not a right, no prisoner shall be released on parole merely as a reward for good conduct or efficient performance of duties assigned in prison, but only if the board is of the opinion that there is reasonable probability that such prisoner, if released, will live and remain at liberty without violating the law, and that the prisoner's release is not incompatible with the welfare of society. ").

regulations governing parole do not create federal procedural due process rights. . . .  The parole authorities in the State of Michigan may have been required to follow their own procedural statutes and regulations on parole as amplified in the consent decree as a matter of <u>state</u> law, but there is not now any viable legal theory by which Michigan state authorities are require to follow such procedural rules as a matter of <u>federal</u> due process.") (emphasis in original).  As Tennessee prisoners have no liberty interest in release on parole, they cannot challenge the procedures used to deny parole.  <u>Olim v. Wakinekona</u>, 461 U.S. 238, 249-50 (1983); <u>Rowan</u>, 48 Fed. Appx. at 491; <u>Berry</u>, 48 Fed. Appx. at 485; <u>Inmates of Orient Correctional Inst.</u>, 929 F.2d at 237-38.[6]

The Supreme Court's decision in <u>Wilkinson v. Dotson</u>, 125 S. Ct. 1242 (2005), does not alter this conclusion.  The sole issue in <u>Wilkinson</u> was whether inmates were required to bring their challenges to the constitutionality of state parole procedures in habeas petitions or whether such claims were cognizable in actions pursuant to 42 U.S.C. § 1983.  The Supreme Court held that state prisoners could bring challenges to state parole procedures under 42 U.S.C. § 1983.  The Supreme Court did not have occasion to consider the merits of the plaintiffs' underlying claims and, in particular, the case did not concern whether any state's laws created a liberty interest in parole.  The decision in <u>Wilkinson</u>, therefore, has not provided the plaintiff in this case with a viable claim.

For all the foregoing reasons, the Court DENIES the plaintiff's motion for summary judgment (dkt. #16) and GRANTS the defendants' motion to dismiss (dkt. #24).  The issuance of this order does not terminate this case, however, as the Court has, in a separate order entered March 17, 2006, granted the plaintiff's unopposed motion to amend his complaint to allege a claim of racial

---

[6]  The numerous additional documents filed by the plaintiff have no bearing on whether Tennessee law creates a liberty interest in parole and, therefore, they are not relevant to this pending motion.  In particular, it is not clear what relevance the many documents concerning the parole application by Billy Joe Linticum have to do with any claim asserted by this plaintiff.

discrimination.

IT IS SO ORDERED.

 s/ **James D. Todd**          
JAMES D. TODD
UNITED STATES DISTRICT JUDGE