IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| RAYMOND A. CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 04-1174-T/An |
| ) | |
| CHARLES TRAUGHBER, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER

On March 20, 2006, the Court entered an order denying plaintiff's motion for summary judgment and granting the defendants' motion to dismiss, while also granting plaintiff leave to amend his complaint. Subsequently, plaintiff filed a motion for permission to file an interlocutory appeal, which the Court denied on March 28, 2006. On April 10, 2006, plaintiff filed a motion to reconsider the grant of summary judgment to the defendants.

Although the Federal Rules of Civil Procedure do not specifically address motions to reconsider non-final, interlocutory orders, district courts have inherent power to reconsider such orders before entry of a final judgment. See Leelanau Wine Cellars, Ltd. v. Black & Red, Inc., 118 Fed. Appx. 942, 945 (6th Cir. 2004); Mallory v. Eyrich, 922 F.2d 1273, 1282 (6th Cir. 1991) (citing Marconi Wireless Tel. Co. v. United States, 320 U.S. 1, 47-48 (1943)).

In this case, plaintiff argues that the Court erred in holding that Tennessee law creates no liberty interest in parole. However, as indicated in the March 20 order, the Sixth Circuit

clearly has held otherwise.  See, e.g., Seagroves v. Tenn. Bd. of Prob. & Parole, 86 Fed. Appx. 45, 48 (6th Cir. 2003); Rowan v. Traughber, 48 Fed. Appx. 489, 490-91 (6th Cir. 2002); Berry v. Traughber, 48 Fed. Appx. 483, 484 (6th Cir. 2002).

The Court is not persuaded that it erred in denying plaintiff's motion for summary judgment and granting the defendants' motion to dismiss.  Therefore, the motion to reconsider (dkt. #67) is DENIED.

IT IS SO ORDERED.

      s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE