IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RAYMOND A. CLARK,

    Plaintiff,

VS.        No. 04-1174-T/An

CHARLES TRAUGHBER, ET AL.,

    Defendants.

ORDER DENYING REQUEST FOR ENTRY OF DEFAULT AND
MOTION FOR DEFAULT JUDGMENT
AND
DIRECTING CLERK TO FILE AMENDED COMPLAINT

On July 20, 2005, plaintiff filed a motion for leave to file what he characterized as a supplemental complaint. The motion was accompanied by a separate memorandum setting out his claims, with various exhibits attached.[1] On March 17, 2006, the Court entered an order construing the motion as a motion to file an amended complaint rather than a supplemental complaint.[2] The Court referred to the memorandum and attached exhibits as the "proposed pleading" and granted plaintiff's motion. However, the Court did not instruct the Clerk to file the proposed pleading as a separate docket entry.

---

[1] Also on July 20, 2005, plaintiff filed an affidavit with several additional exhibits attached.

[2] The Court stated that "the proposed pleading does not 'set[] forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.' Fed. R. Civ. P. 15(d). The claim asserted in the plaintiff's July 20, 2005 filing relates to the conduct of his parole hearing in 2004, which is the subject of his original complaint." (3/17/06 Order, at 2.)

On April 21, 2006, plaintiff filed a request for entry of default, pursuant to Federal Rule of Civil Procedure 55(a). The defendants responded to the request for entry of default on April 24, 2006, contending that, although plaintiff had been given leave to file an amended complaint, he had not yet done so. Therefore, defendants maintain that they are not currently in default. Also on April 24, 2006, plaintiff filed a motion for default judgment.

The defendants are correct that, after he was given leave to amend his complaint, plaintiff did not file a pleading specifically titled "amended complaint." However, the Court's order did not instruct him to do so. The confusion as to whether an answer was necessary is due to the Court's failure to make it clear in the prior order that the memorandum and attached exhibits submitted with plaintiff's July 20, 2005 motion to amend would be treated as the amended complaint.

Therefore, the plaintiff's request for entry of default and the motion for default judgment (dkt. #69 and dkt. #71) are DENIED. The Clerk is instructed to scan the memorandum and exhibits that were submitted with docket entry #37 and file them as an amended complaint in a separate docket entry. Defendants will then have twenty (20) days from the date of that entry to file a response to the amended pleading.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE